```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
```

MARK GREEN,                                           **ORDER**
                                                      15-CV-460 (KAM)(LB)
                Petitioner,

    -against-

WARDEN MDC BROOKLYN and UNITED
STATES ATTORNEYS OFFICE,

                Respondents.
```
------------------------------------X
```
**MATSUMOTO, United States District Judge:**

      *Pro se* petitioner Mark Green, who is presently incarcerated at FCI Otisville,[1] filed a petition seeking a writ pursuant to 28 U.S.C. § 1651 (the "All Writs Act") or, in the alternative, a writ of audita querela or writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Section 2241").[2] (*See* ECF No. 1 ("Pet.").) In his application, petitioner challenges a conviction entered in the United States District Court for the Eastern District of Pennsylvania. Because, as discussed below, (1) the remedies petitioner seeks are unavailable to him and (2) petitioner can still pursue a timely motion pursuant to 28 U.S.C. § 2255, the court orders Mr. Green to advise the court

---

[1] Petitioner lists his current address as the Metropolitan Detention Center ("MDC") in Brooklyn, New York. The Federal Bureau of Prisons Inmate Locator indicates that Mr. Green is currently incarcerated at FCI Otisville.

[2] Although the petitioner submitted a form used for Section 2241 petitions, his attached memorandum of law specifies that he seeks a writ of audita querela or relief under either the All Writs Act or Section 2241. (*See* ECF No.1 at 7.)

within 30 days as to whether he consents to the re-characterization of his petition as a motion pursuant to 28 U.S.C. § 2255.  *See Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003).

## **BACKGROUND**

On November 4, 2009, petitioner was convicted in the United States District Court for the Eastern District of Pennsylvania of one count of conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b)(2); two counts of unauthorized use of an access device, in violation of 18 U.S.C. § 1029(a)(2); and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).  *See U.S. v. Green*, No. 08 CR 44, 2011 WL 1877299, at *1 (E.D. Pa. May 16, 2011).  The United States Court of Appeals for the Third Circuit affirmed the conviction, and the United States Supreme Court denied certiorari.  *United States v. Green*, 516 F. App'x 113 (3d Cir. 2013), *cert. denied*, 134 S.Ct. 2818 (2014).

This court received the instant petition on January 28, 2015.  In it, petitioner challenges his conviction in the Eastern District of Pennsylvania, arguing that the delay between his indictment and the trial violated the Speedy Trial Act.  Petitioner requests that this Court vacate his conviction and order his immediate release.  (Pet. at 6.)  Petitioner styles his petition as one pursuant to the All Writs Act and Section

2

2241, and argues that 28 U.S.C. § 2255 ("Section 2255") is inadequate to test the legality of his detention because the court of conviction and appellate court have "overlook[ed] a Constitutional violation" by miscalculating time on the speedy trial clock in deciding petitioner's direct appeal. (Pet. at 11-12.)

**DISCUSSION**

The instant petition challenges the validity of petitioner's criminal conviction and sentence. Such a challenge is properly brought as a writ of habeas corpus pursuant to Section 2255. Although Section 2241 permits habeas corpus review for federal prisoners "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3), "as a general rule, federal prisoners must use § 2255 instead of § 2241(c)(3) to challenge a sentence as violating the Constitution or laws of the United States." *Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001); *Geronimo v. Rushing*, Nos. 11-cv-1121, 14-cv-2221, 2014 WL 4678253, at *8 (E.D.N.Y. Sept. 19, 2014); *see also* 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, . . . may move the court

which imposed the sentence to vacate, set aside or correct the sentence."). Section 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), contains several gatekeeping provisions, including strict requirements for bringing successive petitions.

Section 2255(e) contains a provision (the "Savings Clause") that allows a federal prisoner challenging his conviction or sentence to file a motion pursuant to Section 2241(c)(3) in rare circumstances if he can show that the remedies under Section 2255 are inadequate or ineffective and "when the failure to allow for some form of collateral review would raise serious constitutional questions." *Triestman v. United States*, 124 F.3d 361, 377 (2d Cir. 1997). However, in order to invoke the Savings Clause, a petitioner must do more than show that he is unable to pursue relief under Section 2255. "[Section] 2255 is not inadequate or ineffective, such that a federal prisoner may file a § 2241(c)(3) petition, simply because a prisoner cannot meet the AEDPA's gate-keeping requirements." *Jiminian*, 245 F.3d at 147-148. The Second Circuit, noting that the types of cases raising "serious constitutional questions" warranting Section 2241 jurisdiction would be relatively few, has recognized only one such category: "cases involving prisoners who (1) can prove 'actual innocence on the existing record,' and (2) 'could not have effectively

raised [their] claims of innocence at an earlier time.'" *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003) (quoting *Triestman*, 124 F.3d at 363).

Similarly, "[a] writ of audita querela is an extraordinary remedy under the All Writs Act, 28 U.S.C. § 1651(a), and is generally available only if 'the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues.'"3 *United States v. Quintieri*, 547 F. App'x 32, 33 (2d Cir. 2013) (quoting *United States v. Richter*, 510 F.3d 103, 104 (2d Cir. 2007)). A writ of audita querela is generally unavailable to review a criminal conviction where the claims can be raised in a motion pursuant to Section 2255. *See id.*

In this case, petitioner is clearly challenging the legality of his underlying conviction. Although petitioner claims that Section 2255 is inadequate due to the decisions rendered by the District Court for the Eastern District of Pennsylvania and the Third Circuit in his criminal case, he has not demonstrated that Section 2255 is unavailable to him. As petitioner acknowledges, he is not time-barred from filing a Section 2255 motion to challenge his conviction. The fact that petitioner's claims were previously denied by both the District

---

3 The court notes that the All Writs Act "does not confer an independent basis of jurisdiction; it merely provides a tool courts need in cases over which jurisdiction is conferred by some other source." *United States v. Tablie*, 166 F.3d 505, 506-07 (2d Cir. 1999).

5

Court for the Eastern District of Pennsylvania and the Third Circuit on direct appeal does not itself render relief pursuant to Section 2255 inadequate or ineffective.  Thus, Section 2255 is still available to petitioner, there is no "gap" in the current system of post-conviction relief, and a writ of audita querela is not appropriate.  Furthermore, even if the court were to find that collateral review under Section 2255 were unavailable to petitioner, petitioner has failed to present any valid grounds for operation of the Savings Clause – namely, any claim of actual innocence – that would permit him to seek relief under Section 2241(c)(3).

Accordingly, the court finds that it is without jurisdiction to hear Mr. Green's petition for a writ of audita querela or habeas corpus under Section 2241, and that any motion by petitioner to vacate his conviction must be brought pursuant to Section 2255.  Therefore, the court orders petitioner to notify the court within 30 days as to whether he consents to the recharacterization of his petition as a motion pursuant to 28 U.S.C. § 2255.  *See Cephas*, 328 F.3d at 104 ("Where a *pro se* prisoner can still pursue a timely § 2255 motion, a district court may not construe an improperly filed § 2241 petition as a § 2255 motion without notice to the prisoner, who can then decide either to agree to the recharacterization or to withdraw his filing.").  Petitioner is advised that recharacterization of

his petition as a Section 2255 motion means that any subsequent Section 2255 motion will be subject to the restrictions on "second or successive" motions.

If petitioner agrees to the conversion of his petition into a Section 2255 motion, he may file an amended motion that contains all the claims he believes he has, and this court will transfer the action to the Eastern District of Pennsylvania pursuant to Section 2255 and 28 U.S.C. § 1406.  If petitioner neither consents to the conversion nor withdraws his petition within 30 days, this petition will be dismissed for lack of jurisdiction.  The court offers no opinion on the merits of petitioner's claims.  The Clerk of Court is respectfully directed to serve petitioner with a copy of this Order at his current address and note service on the docket.

**SO ORDERED.**

Dated:   February 13, 2015
         Brooklyn, New York

                                          _____/s/_____
                                          Kiyo A. Matsumoto
                                          United States District Judge

7